IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SHERMAN LAVELLE SHAW,<br><br>   Plaintiff,<br><br>   vs.<br><br>GUY MACHIGUCHI, ET AL.,<br><br>   Defendants. | CIVIL NO. 13-00548 JMS-RLP<br><br>FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION |

FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION[1]

On August 20, 2015, at 9:30 a.m., a hearing was held on this Court's August 11, 2015 Order to Show Cause directing Plaintiff, pro se, to show cause, if any, why this case should not be dismissed for failure to prosecute this action based on his failure to appear at the Final Pretrial Conference and failure to file a pretrial statement.  At the hearing, Kendall J. Moser, Esq. appeared on behalf of Defendant.  Plaintiff did not appear at the hearing or otherwise responded to the Court's Order to Show Cause.  As discussed below, the Court FINDS and RECOMMENDS that this action be dismissed with prejudice.

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

DISCUSSION

Federal Rule of Civil Procedure 41(b) authorizes involuntary dismissal for failure "to prosecute or to comply with [the federal] rules or a court order."  Fed. R. Civ. P. 41(b).  Rule 41(b) grants courts the authority to *sua sponte* dismiss actions for failure to prosecute or for failure to comply with court orders.  See, e.g., Pagano v. OneWest Bank, F.S.B., CV 11-00192 DAE-RLP, 2012 WL 74034, at *6 (D. Haw. Jan. 10, 2012)(citing Link v. Wabash R.R. Co., 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.")).

The court must weigh five factors to determine whether to dismiss a case for lack of prosecution or failure to comply with a court order:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits.  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

Here, dismissal is appropriate given Plaintiff's failure to prosecute and failure to comply with court orders.  First, the public's interest in expeditious resolution of this

litigation weighs heavily in favor of dismissal because this case has been pending for nearly two years.  Second, the court's need to manage its docket weighs strongly in favor of dismissal because Plaintiff's failure to prosecute this action has interfered with the Court's ability to manage its docket.  Plaintiff failed to appear at the final pretrial conference, failed to appear at the show cause hearing, and has taken no action to advance this case.  Third, the risk of prejudice to Defendant weighs heavily in favor of dismissal.  Plaintiff's inaction has impaired Defendant's ability to proceed to trial and threatens to interfere with the resolution of this case.  <u>See</u> <u>Pagtalunan</u>, 291 F.3d at 642 (citing <u>Malone v. United States Postal Serv.</u>, 833 F.2d 128, 131 (9th Cir. 1987)).  Fourth, less drastic sanctions are not appropriate given Plaintiff's failure to appear before the Court.  It would be futile to recommend a lesser sanction because it would not compel Plaintiff to take the necessary steps to prosecute this action.  Accordingly, this factor supports dismissal.  Finally, although public policy generally favors disposition on the merits, because four of the factors weigh heavily in favor of dismissal, and under the particular facts of this case, the Court concludes that dismissal of this action with prejudice is appropriate.

## CONCLUSION

The Court FINDS AND RECOMMENDS that this action be DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil

3

Procedure 41(b) for failure to prosecute.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, AUGUST 20, 2015.



_____
Richard L. Puglisi
United States Magistrate Judge

**SHAW v. MACHIGUCHI, ET AL.; CIVIL NO. 13-00548 JMS-RLP; FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION**